# EXHIBIT A

## SUMMONS
### CIRCUIT COURT OF PRESTON COUNTY, WEST VIRGINIA

ARCH INSURANCE COMPANY a/s/o
AURORA VOLUNTEER FIRE DEPARTMENT
      PLAINTIFF,
VS.                    CIVIL ACTION NO. 21-C-21
                        JUDGE: STEVEN SHAFFER
SHAFFER FORD SALES INC., a
Maryland Corporation, and FORD
MOTOR COMPANY, a Delaware Corporation
      DEFENDANTS.

To the above named Defendant:

IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby Summoned and required to serve upon BRADLEY K SHAFER, plaintiff's attorney, whose address is 48 14TH STREET, WHEELING, WV, 26003 an answer including any related counterclaim you may have to the complaint filed against you in the above civil action, a true copy of which is herewith delivered to you. You are required to serve your answer within (20 days) after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint and you will be thereafter barred from asserting in another action any claim you may have which must be asserted by counterclaim in the above style civil action.

                                                Lisa Leishman
                                                CLERK OF COURT

Dated: March 10, 2021

                                   BY: _____
                                                 DEPUTY CLERK

*Please Serve:*
FORD MOTOR COMPANY
40600 ANN ARBOR RD STE 201
PLYMOUTH MI 48170

IN THE CIRCUIT COURT OF PRESTON COUNTY, WEST VIRGINIA

ARCH INSURANCE COMPANY a/s/o
AURORA VOLUNTEER FIRE
DEPARTMENT

                Plaintiff,        CIVIL ACTION NO. 21-C-21

      vs.                       JUDGE: Shaffer

SHAFFER FORD SALES INC., a
Maryland Corporation, and FORD
MOTOR COMPANY, a Delaware
Corporation,

                Defendants.

## COMPLAINT

**NOW COMES** the Plaintiff, Arch Insurance Company, as subrogee of Aurora Volunteer Fire Department, through its undersigned counsel of record, to make the following allegations against the Defendants:

1. Plaintiff, Arch Insurance Company, is a foreign corporation operating and conducting business as a licensed insurer in the State of West Virginia;

2. Upon information and belief, Defendant Shaffer Ford Sales, Inc. was a Maryland corporation in good standing at the time of the events set forth below but which is now in the process of dissolution;

3. Upon information and belief, Ford Motor Company. is a Delaware corporation with its principal place of business in Dearborn, Michigan;

4. Aurora Volunteer Fire Department is a volunteer fire department located in Aurora, Preston County, West Virginia. At all times material herein, Aurora Volunteer Fire Department owned a 2004 Ford F-Super Duty 550 with 6.0L OHV

Diesel V8 engine (hereinafter "Vehicle") and insured said Vehicle with Arch Insurance Company;

5. On or about March 15, 2019, Aurora Volunteer Fire Department brought the Vehicle to Defendant Shaffer Ford Sales, Inc. for repairs and maintenance after the Vehicle made a loud pop, lost power, and emitted black smoke;

6. Defendant Shaffer Ford Sales, Inc. replaced the turbo, the charge air cooler, performed a diesel lube, oil, and filter change, and changed the fuel and air filters;

7. After performing the maintenance and repairs, Defendant Shaffer Ford Sales, Inc. notified Aurora Volunteer Fire Department that the vehicle had been repaired, test driven, and was ready to be picked up;

8. Defendant Shaffer Ford Sales, Inc. records indicate that the Vehicle arrived with 9,595 miles on it and was returned to the Aurora Volunteer Fire Department with 9,595 miles on it, indicating that no road test had actually been performed despite representations to the contrary;

9. On or about March 29, 2019 Aurora Volunteer Fire Department took possession of the vehicle from Shaffer Ford Sales, Inc. and drove it back to the Aurora Volunteer Fire Department station;

10. Once back at the station, the Vehicle was emitting an unusual odor. Upon further investigation by members of the fire department, it was discovered that oil was on the turbo and dripping to the floor below. Upon making these observations it was decided that the Vehicle should be returned to Defendant Shaffer Ford Sales, Inc. for further maintenance and repairs;

2

11. While on route to Defendant Shaffer Ford Sales, Inc. after travelling approximately ½ miles from the fire department, and while still in Preston County, West Virginia, the vehicle lost power, smelled of burning oil, and caught fire;

12. As result of the fire, the Vehicle was declared a total loss and the Aurora Volunteer Fire Department made a claim with its insurance carrier, Arch Insurance Company;

13. Arch Insurance Company, finding the claim to be proper, issued payment in an amount exceeding the minimum jurisdiction of this Court to Aurora Volunteer Fire Department and thus is now subrogated to the rights of the Insured against all persons, companies, and entities responsible for the loss of the Vehicle;

14. Personal jurisdiction exists over both Defendants pursuant to the West Virginia Long Arm Statute, W. Va. Code 56-3-33(a) as they transacted business in this State, they contracted to supply services or things in this State, they caused tortious injury in this State by an act or omission outside of the State and both Defendants regularly do or solicit business, engage in other persistent courses of conduct, or derive substantial revenue from goods used or consumed or services rendered in this State; Venue is proper in this Court pursuant to W.Va. Code 56-1-1 (a) (1), in that the fire which destroyed the Vehicle occurred in Preston County.

## COUNT I- BREACH OF CONTRACT
## SHAFFER FORD SALES, INC.

15. Plaintiff asserts, as if fully restated here, its allegations contained in Paragraphs 1-14 of the Complaint;

3

16. Defendant Shaffer Ford Sales, Inc. breached its contract with the Insured when it failed to properly repair the vehicle and supply new replacement parts in the course of doing so;

## COUNT II – NEGLIGENCE
## SHAFFER FORD SALES INC.

17. Plaintiff asserts, as if fully restated here, its allegations contained in Paragraphs 1-16 of the Complaint;

18. Defendant Shaffer Ford Sales, Inc. was negligent in its removal of the old turbo and installation of the new turbo as well as in the other maintenance and repairs it performed on the vehicle;

## COUNT III – NEGLIGENT MISREPRESENTATION/FRAUD
## SHAFFER FORD SALES, INC.

19. Plaintiff asserts, as if fully restated here, its allegations in Paragraphs 1-18 of the Complaint;

20. Defendant Shaffer Ford Sales, Inc. negligently misrepresented and/or committed fraud when it represented it test drove the vehicle, as Defendant's own records indicate no mileage was placed on the vehicle during the time it was in its possession;

21. Had Defendant, Shaffer Ford Sales, Inc. conducted the test drive, it would have discovered the vehicle was continuing to leak oil, smell of burned oil, and detected other symptoms such that the vehicle could have been properly repaired and not be destroyed by fire;

## COUNT IV – BREACH OF WARRANTIES
## SHAFFER FORD SALES, INC.

22. Plaintiff asserts, as if fully restated here, its allegations contained in Paragraphs 1-21 of the Complaint;

4

23. When performing maintenance and repairs, Shaffer Ford Sales, Inc. expressly or impliedly warrants to its customers that the repairs it performs, including labor and parts, will be performed in a professional and quality manner, that the repairs were necessary, and that the repairs will resolve the issues with the vehicle;

24. Defendant, Shaffer Ford Sales, Inc. expressly and/or impliedly warranted to the Plaintiff's insureds that, as a result of the repairs it performed, the aforementioned Vehicle was free from defects, of merchantable quality, and reasonably fit for the purpose for which it was intended in the ordinary and reasonable use thereof;

25. Defendant, Shaffer Ford Sales, Inc. breached these warranties in that it returned to the Plaintiff's insured a Vehicle that continued to leak oil, which was ultra-hazardous to operate, putting said operator's life in jeopardy, a Vehicle which did in fact burst into flames when operated in the normal course;

## COUNT V – NEGLIGENT DESIGN/ MANUFACTURE
## FORD MOTOR COMPANY

26. Plaintiff asserts, as if fully restated here, its allegations contained in Paragraphs 1-25 of the Complaint;

27. Defendant Ford Motor Company negligently manufactured, designed, constructed, and/or assembled, and placed into the stream of commerce the turbo at issue in this matter;

28. Defendant Ford Motor Company was negligent in its manufacture of the turbo in that the actuator piston was missing one or more factory seals, the purpose of which is to prevent oil leaks;

### COUNT VI - NEGLIGENT MISREPRESENTATION /FRAUD
### FORD MOTOR COMPANY

29. Plaintiff asserts, as if fully restated here, its allegations contained in Paragraphs 1-28 of the Complaint;

30. Defendant Ford Motor Company engaged in negligent misrepresentation and/or fraud when supplying the turbo to Defendant Shaffer Ford Sales, Inc. as "new" when in fact it was rebuilt;

### COUNT VII - STRICT LIABILITY
### FORD MOTOR COMPANY

31. Plaintiff asserts, as if fully restated here, its allegations contained in Paragraphs 1-30 of the Complaint;

32. Defendant Ford Motor Company manufactured, designed, constructed, and/or assembled, and placed into the stream of commerce the aforementioned turbo;

33. At all times relevant, the component parts of the turbo were defective, unreasonably dangerous, and not reasonably fit, suitable, or safe for their intended purpose in violation of Section 402(A) of the Restatement (Second) of Torts for which a claim is hereby made;

### COUNT VIII – BREACH OF WARRANTY
### FORD MOTOR COMPANY

34. Plaintiff asserts, as if fully restated here, its allegations contained in Paragraphs 1-33 of the Complaint;

35. Defendant Ford Motor Company expressly and/or impliedly warranted to the purchaser, public and persons such as Plaintiff's insureds that the aforementioned turbo and its component parts were free from defects, of merchantable quality, and reasonably fit for the purpose for which it was intended in the ordinary and reasonable use thereof;

6

36. Defendant Ford Motor Company breached its express and/or implied warranties in that the turbo and its component parts were not free of defects nor of merchantable quality, nor fit for the particular purpose for which it was intended in their ordinary and reasonable use;

37. As a result of the acts and omissions of one or both of the Defendants, the Plaintiff sustained damages in excess of the minimum jurisdictional amount of this Court.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in its favor awarding to it all amounts which are due and just.

**PLAINTIFF DEMANDS A TRIAL BY JURY.**

MINTZER, SAROWITZ, ZERIS, LEDVA
& ~~MEYERS, LLP~~

BY: *[signature]*

BRADLEY K. SHAFER, ESQUIRE (WVSB# 7794)
bshafer@defensecounsel.com
MICHAEL G. GALLAWAY, ESQUIRE (WVSB#5071)
mgallaway@defensecounsel.com
48 Fourteenth Street, Suite 200
Wheeling, WV 26003
P: (304) 241-2976 F: (423) 500-3800
Counsel for Plaintiff
**MSZL&M File No. 006841.001732**