```
         IN THE UNITED STATES DISTRICT COURT
      FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**ARCH INSURANCE COMPANY INC.,**
a/s/o Aurora Volunteer Fire Department,

      Plaintiff,

v.                                            CIVIL ACTION NO. 1:21CV82
                                                                                       (KLEEH)

**SHAFFER FORD SALES INC.,**
a Maryland Corporation,

      Defendant/Cross Claimant,

v.

**FORD MOTOR COMPANY, a Delaware Corporation,
NAVISTAR, INC., CATERPILLAR INC.,
CATERPILLAR REMAN POWERTRAIN INDIANA LLC,
CATERPILLAR USED EQUIPMENT SERVICES, INC.,**

      Defendants/Cross Defendants.

**MEMORANDUM OPINION AND ORDER GRANTING MOTION TO DISMISS
CROSSCLAIM AGAINST NAVISTAR, INC. [ECF NO. 37]**

    Pending before the Court is Navistar, Inc.'s motion to dismiss the crossclaim against it filed by Shaffer Ford Sales, Inc. [ECF No. 37]. The motion is fully briefed and ripe for review. For the reasons discussed herein, the Court **GRANTS** the motion.

                         **I.**    <u>**PROCEDURAL HISTORY**</u>

    On March 15, 2021, the plaintiff, Arch Insurance Company, Inc. ("Arch Insurance"), filed a Complaint against Shaffer Ford Sales Inc. ("Shaffer Ford") and Ford Motor Company ("Ford") in the Circuit Court of Preston County, West Virginia [ECF No. 1-1]. On

June 23, 2021, Ford removed the case to this Court based on diversity of citizenship with Shaffer Ford's consent [ECF No. 1].

Arch Insurance amended its complaint on January 25, 2022, to add Navistar, Caterpillar Inc., Caterpillar Reman Powertrain Indiana LLC, and Caterpillar Used Equipment Services, Inc. as defendants to this action [ECF No. 23]. Shaffer Ford timely answered the Amended Complaint and filed a crossclaim against the other defendants for indemnity and contribution [ECF No. 26-1]. On March 9, 2022, Navistar moved to dismiss Shaffer Ford's crossclaims against it pursuant to Federal Rule of Civil Procedure 12(b)(6) [ECF No. 37].

## II.   FACTUAL ALLEGATIONS

Arch Insurance brings its claims on behalf of its insured, Aurora Volunteer Fire Department ("the Aurora VFD") [ECF No. 23]. The Aurora VFD owned a 2004 Ford F-Super Duty 550 with 6.0L OHV Diesel V8 engine ("the Vehicle"), which it insured with Arch Insurance. Id. at ¶ 6. The Aurora VFD took the Vehicle to Shaffer Ford for repairs and maintenance on March 15, 2019 after it "made a loud pop, lost power, and emitted black smoke." Id. at ¶ 7.

Shaffer Ford replaced performed a diesel lube, oil, and filter change and replaced several parts, including the Vehicle's turbo and charge air cooler. Id. at ¶ 8. Shaffer Ford then informed the

Aurora VFD that it had made the necessary repairs and had test driven the Vehicle. Id. at ¶ 9.

The Aurora VFD picked up the Vehicle on March 29, 2019 and returned it to the fire station. Id. at ¶ 11. There, members of the Aurora VFD noticed that the Vehicle was emitting an unusual odor and that there was oil on the turbo and dripping into the floor. Id. at ¶¶ 11-12. Accordingly, they determined that it should be returned to Shaffer Ford for further repairs. Id. at ¶ 12. After traveling less than a mile from the Aurora VFD, the Vehicle lost power, smelled of burning oil, and caught fire. Id. at ¶ 13. The Aurora VFD submitted a claim to Arch Insurance which declared the Vehicle a total loss and paid the claim. Id. at ¶¶ 14-15.

Based on these facts, Arch Insurance asserts the following claims against Shaffer Ford: breach of contract, negligence, negligent misrepresentation/fraud, and breach of express and implied warranties. Id. at ¶¶ 17-27.

Arch Insurance asserts several causes of action against the other defendants as well. First, it alleges that Ford, Navistar, and the Caterpillar defendants are liable to it for negligently designing, manufacturing, constructing, assembling, or placing into the stream of commerce the turbo that caused the Vehicle to catch fire. Id. at ¶ 29. In support, it alleges that the turbo was defective because "the actuator piston was missing one or more

3

factory seals, the purpose of which is to prevent oil leaks." Id. at ¶ 30. Second, Arch Insurance alleges that the remaining defendants engaged in negligent misrepresentation or fraud by suppling Shaffer Ford with a turbo it advertised as "new" but that had actually been rebuilt. Id. at ¶ 32. Third, Arch Insurance alleges that the remaining defendants are liable to it under a strict liability theory. Id. at ¶¶ 34-35. Finally, Arch Insurance alleges that the remaining defendants breached express and implied warranties to supply parts which were free from defects and reasonably fit for their purpose. Id. at ¶¶ 37-38.

### III.  LEGAL STANDARD

**A.   Federal Rule of Civil Procedure 12(b)(6)**

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move for dismissal upon the grounds that a complaint does not "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In ruling on a motion to dismiss, a court "must accept as true all of the factual allegations contained in the Complaint." Anderson v. Sara Lee Corp., 508 F.3d 181, 188 (4th Cir. 2007) (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

A motion to dismiss under Rule 12(6)(b) tests the "legal sufficiency of a Complaint." Francis v. Giacomelli, 588 F.3d 186,

192 (4th Cir. 2009). A court should dismiss a complaint if it does not contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The factual allegations "must be enough to raise a right to relief above a speculative level." Twombly, 550 U.S. at 545. The facts must constitute more than "a formulaic recitation of the elements of a cause of action." Id. at 555.

## IV.   DISCUSSION

Navistar argues that the crossclaim against it should be dismissed because Shaffer Ford has failed to include any facts to support its indemnity and contribution claims [ECF No. 37 at 1-2]. It also contends that Shaffer Ford has failed to state any express indemnity or contribution claim because it did not allege that any contract or agreement existed between Navistar and Shaffer Ford. Id. at 2. Further, Navistar contends that Shaffer Ford cannot bring an implied indemnity or contribution claim against it under West Virginia law. Id. In response, Shaffer Ford states that discovery is necessary to determine (1) whether any contract existed between it and Navistar, and (2) whether any of Navistar's

acts or omissions would subject it to liability under West Virginia law [ECF No. 47].

Shaffer Ford's crossclaim states only that should Arch Insurance recover an award of damages against it, it "is entitled to indemnification or contribution" from the other defendants, including Navistar [ECF No. 26-1 at ¶ 5]. This pleading is completely devoid of any facts that might make an indemnification or contribution claim against Navistar plausible. Thus, because Shaffer Ford has not sufficiently pleaded its crossclaim against Navistar, the Court **GRANTS** Navistar's motion to dismiss.

## V.  CONCLUSION

For the reasons discussed, the Court **GRANTS** Navistar's motion [ECF No. 37] and **DISMISSES WITHOUT PREJUDICE** Shaffer Ford's crossclaims against it.

It is so **ORDERED.**

The Clerk **SHALL** transmit copies of this Order to counsel of record by electronic means.

DATED: January 30, 2023

_____
THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA